Brenoch Wirthlin, Esq.
Nevada Bar No. 10282
WIRTHLIN & VERLAINE
400 S. 4th St., Suite 300
Las Vegas, NV 89101
Phone: (702) 529-1201
Fax: (702) 213-0294
bwirthlin@wirthlinlawfirm.com
Attorneys for Debtor

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>BIG SKY ENERGY CORPORATION,<br><br>Debtor. | Case No.: 25-50445-hlb<br>Chapter 7<br><br>**DEBTOR'S MOTION FOR PROTECTIVE ORDER UNDER CIVIL RULE 26(c) AND RULE 9018 GOVERNING USE OF DOCUMENTS PRODUCED IN RESPONSE TO THE SUBPOENAS AND AUTHORIZING LIMITED REDACTIONS**<br><br>Hearing Date: OST Requested<br>Hearing Time: OST Requested |

Debtor Big Sky Energy Corporation ("Debtor"), through its counsel, Wirthlin & Verlaine, moves for entry of the protective order lodged as Exhibit 1. The order (1) limits documents produced in response to the Subpoenas to use in this case; (2) bars access to them by those representing the Republic of Kazakhstan ("ROK") in the arbitration that ROK itself calls the "Forthcoming Arbitration"; and (3) permits narrow redactions, in fewer than twelve documents, of information related to Big Sky Canada's treaty claims against ROK and routine personal identifiers, with a redaction log, unredacted copies preserved and available to the Court for in camera review. ROK would have no access to

information about the treaty claims except by order of the Court at it claims it already has all the documents it needs for the Forthcoming Arbitration. Pending decision, the Debtor asks that its November 9, 2026 production be held on the interim terms in Part IV.F.

This Motion is made under Civil Rule 26(c), as made applicable by Rules 7026, 9014(c) and 9016; Civil Rule 45(d)(3)(B)(i), as made applicable by Rule 9016; Rule 9018; 11 U.S.C. § 107(b); Federal Rule of Evidence 502(d); and the Court's authority over its interlocutory orders. It is supported by the Memorandum of Points and Authorities below, the Declaration of Brenoch Wirthlin ("Wirthlin Decl."), Exhibits 1 through 4, the papers on file, and any argument the Court permits.

This Motion does not ask the Court to revisit its refusal to quash the Subpoenas, and apart from the narrow redactions described below it does not change what must be produced. It does not concern the privilege issues that are the subject of the Debtor's appeal, filed October 23, 2026, and its Motion for Limited Stay Pending Appeal, filed concurrently, and it asks for nothing that would affect the matters on appeal. The timing of production is addressed in the Debtor's separate motion under Rule 9006(b)(1), filed concurrently. Capitalized terms not defined here have the meanings given in the Memorandum Decision [ECF No. 104] ("Decision").

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

ROK told this Court that a "Forthcoming Arbitration" between it and Big Sky Canada "will raise the same issues that were decided in Kazakhstan's favor" in the 2021 ICSID award, and that ROK "already has the documents it would need to defend the Forthcoming Arbitration." ECF No. 45 at 2–3. Its alleged purpose for the Subpoenas is to investigate whether the Transfers can be avoided for the benefit of creditors. ECF No. 104 at 5. The Debtor – and this Court – should be able to take ROK at its word. The Debtor will produce the responsive documents. It asks only that they be used for the purpose ROK gave the Court, and not in an arbitration for which ROK says it does not need them.

Since the Court ruled, the reason for the request has become concrete. When the Debtor proposed on October 20, 2026 that the production be used only in this case and that ROK's arbitration counsel not see it, ROK's bankruptcy counsel copied Lucy Winnington-Ingram of Reed Smith LLP, one of ROK's counsel in the ICSID arbitration, and wrote: "We will need to set it for a time convenient to Mr. Lehners, Ms. Winnington-Ingram and me." Ex. 3. Debtor's counsel asked ROK's counsel to confirm whether she or Reed Smith represents ROK in connection with Big Sky Canada's dispute with ROK and whether ROK intends that she or anyone else working on that dispute will review the production. *Id.* Tellingly, ROK's counsel refused to answer. Wirthlin Decl. ¶ 6.

The relief does not depend on whether the arbitration is ever commenced, and the Debtor does not ask the Court to reconsider the Decision. Use limits turn on the purpose and foreseeable use of discovery, *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 34 (1984), and Congress has not authorized federal courts to compel discovery for ad hoc investor-state arbitrations. *ZF Auto. US, Inc. v. Luxshare, Ltd.*, 596 U.S. 619, 633, 638 (2022). The redactions are confined to fewer than twelve documents and to information related to Big Sky Canada's treaty claims against ROK and routine personal identifiers. The Debtor will provide the Court unredacted copies for in camera review. The Trustee's ability to use the production for estate purposes is unaffected.

## II. BACKGROUND

### A. The Decision and Order

The Order Denying Motion to Quash [ECF No. 105] ("Order") directs the Debtor and Mr. Lawler to respond to the Subpoenas and produce all responsive documents within 30 days of its October 9, 2026 entry. The thirtieth day is Sunday, November 8, so production is due Monday, November 9, 2026. Fed. R. Bankr. P. 9006(a)(1)(C). The Debtor's motion was captioned in part as a motion "for protective order," and it asked the Court to quash the Subpoenas or, "at the very least, modify" them. ECF No. 32 at 1, 29.

**B. ROK's Statements About the Arbitration**

In its opposition, ROK said that the arbitration "was first threatened by Big Sky Canada earlier this year," that "[i]t was during these settlement discussions that Kazakhstan learned of the Forthcoming Arbitration—an arbitration that will raise the same issues that were decided in Kazakhstan's favor" in the 2021 ICSID award, and that ROK:

> "already has the documents it would need to defend the Forthcoming Arbitration as it already defeated these very same claims in the underlying arbitration brought by Big Sky."

ECF No. 45 at 2–3. Unless it was misrepresenting its position, ROK should be taken at its word and should have no objection to the requested relief. ROK also argued that Big Sky Canada cannot "bring the same substantive claims against Kazakhstan as those raised (and lost) by its former parent Big Sky (which it cannot)." *Id.* at 6. This Motion does not turn on whether the arbitration has been or will be commenced. It turns on the risk that the production will be used there, which ROK's own statements and conduct establish.

**C. ROK's Arbitration Counsel**

At the continued meeting of creditors on June 23, 2025, ROK appeared through Bob L. Olson of Snell & Wilmer and through Lucy Winnington-Ingram of the Global Commercial Disputes Group of Reed Smith LLP. ECF No. 57 at 45, 47. Reed Smith represented ROK in the ICSID arbitration, and the ICSID award lists Ms. Winnington-Ingram among ROK's counsel. ECF No. 57 at 55. Ms. Winnington-Ingram also appeared for ROK at the January 15, 2026 hearing on the Debtor's motion to quash. ECF No. 101 at 2; *id.* at 4:1–3. Her firm biography describes her "particular expertise in investor-state dispute settlement," lists her as acting for ROK in the ICSID arbitration and in other investment-treaty arbitrations brought against ROK, and notes her directory listings for Kazakhstan dispute resolution. Wirthlin Decl. ¶ 9 & Ex. 4.

On October 20, 2026, Debtor's counsel proposed to ROK's counsel and the Trustee's counsel that documents produced under the Subpoenas be used only in this case and that no one representing ROK in Big Sky Canada's arbitration, including its arbitration

counsel, see them. Wirthlin Decl. ¶ 5. The next day, Mr. Olson replied, adding Ms. Winnington-Ingram, who had not been copied on the Debtor's email, and wrote: "We will need to set it for a time convenient to Mr. Lehners, Ms. Winnington-Ingram and me." *Id.* Debtor's counsel asked Mr. Olson to confirm, before the conference, whether Ms. Winnington-Ingram or Reed Smith represents ROK in connection with Big Sky Canada's dispute with ROK and whether ROK intends that she or anyone else working on that dispute will review documents produced under the Order. *Id.* Mr. Olson refused to answer either question. Wirthlin Decl. ¶ 6.

**D. The 2020 Ruling Quashing ROK's Section 1782 Subpoena**

In 2019, during the ICSID arbitration, ROK obtained leave in the District of Arizona to serve a subpoena on Mr. Lawler under 28 U.S.C. § 1782. In January 2020, the court quashed it. *Republic of Kazakhstan v. Lawler*, No. CV-20-00090-PHX-DWL (D. Ariz. Jan. 27, 2020), filed in this case at ECF No. 60-3. The court found that, because the tribunal had declined to require further document searches and ROK sought to use the subpoena to test the completeness of the production, the third *Intel* factor, which asks whether a request conceals an attempt to circumvent foreign proof-gathering restrictions, "cuts strongly against Kazakhstan's request to require Lawler to produce documentary evidence." *Id.*, slip op. at 11–12. It further observed that a request for more documents than had been produced in the arbitration "is at odds with the Tribunal's previous discovery rulings." *Id.* at 12.

**E. The Production and the Proposed Redactions**

The Debtor will produce the responsive documents within its possession, custody or control, meaning documents it has the legal right to obtain on demand, *In re Citric Acid Litig.*, 191 F.3d 1090, 1107 (9th Cir. 1999), and, as the Court noted, will say so where it has none. ECF No. 104 at 10. Big Sky Canada is a separate Alberta corporation, ECF No. 32 at 3. Its rights and recoveries are its own, not the Debtor's. Documents in the Debtor's possession, custody or control that concern Big Sky Canada will nonetheless be produced as the Subpoenas require, subject to the proposed order.

The Debtor will make its first production on November 9, 2026, and proposes to complete production on the schedule described in its Rule 9006(b)(1) motion. Wirthlin Decl. ¶ 7. It seeks leave to redact only information related to Big Sky Canada's treaty claims against ROK and routine personal identifiers, as defined in the proposed order, Ex. 1 ¶ 1(f)–(g), and the redactions affect fewer than twelve documents. Wirthlin Decl. ¶ 3. Several of those documents are agreements with non-parties that require their existence and terms to be kept confidential. *Id.* ¶ 4. Every responsive document will be produced.

**F. Conferral**

On October 20, 2026, Debtor's counsel wrote to counsel for ROK and for the Trustee proposing use limits, the bar on arbitration counsel, a production schedule, and the logging of two privilege categories pending appeal, asked whether they would consent to a hearing on shortened time, and asked to confer by telephone. Wirthlin Decl. ¶ 5. On October 23, 2026 at 12:00 p.m., Debtor's counsel conferred by telephone with Mr. Olson and described the proposed redactions and the other terms of the proposed order. No agreement was reached. Counsel for the Trustee did not respond to the Debtor's emails. *Id.* ¶ 6.

## III. LEGAL STANDARD

On a showing of good cause, the Court may issue an order "specifying terms . . . for the disclosure or discovery," and "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Fed. R. Civ. P. 26(c)(1)(B), (G). A court may likewise modify a subpoena that requires "disclosing a trade secret or other confidential research, development, or commercial information," or specify conditions for production. Fed. R. Civ. P. 45(d)(3)(B)(i), (C); *see also* Fed. R. Bankr. P. 9018; 11 U.S.C. § 107(b)(1). Good cause requires a particularized showing that specific harm will result without the order. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003); *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

The Order is interlocutory, and the Court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *City of Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (quoting *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981)) (emphasis omitted). The Debtor does not ask the Court to reconsider the Decision. It asks for relief which the Court may grant at any time before the production is made.

## IV. ARGUMENT

### A. Use Limits Turn on Purpose and Foreseeable Use, Not on Whether Another Proceeding Has Been Filed.

The purpose of Rule 2004 is "to discover the existence and location of assets of the estate," and although its scope is broad, it "should not be an instrument of abuse or harassment." ECF No. 104 at 7–8 (citing *In re Dinubilo*, 177 B.R. 932, 940 (E.D. Cal. 1993), and *Rigby v. Mastro (In re Mastro)*, 585 B.R. 587, 597 (B.A.P. 9th Cir. 2018)). Courts accordingly scrutinize Rule 2004 requests that would serve litigation outside the bankruptcy. *See In re Enron Corp.*, 281 B.R. 836, 840–42 (Bankr. S.D.N.Y. 2002); *In re Cambridge Analytica LLC*, 600 B.R. 750 (Bankr. S.D.N.Y. 2019). The same principle runs through discovery law generally: "when the purpose of a discovery request is to gather information for use in proceedings other than the pending suit, discovery properly is denied." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 352 n.17 (1978); *see Seattle Times*, 467 U.S. at 34–36.

None of these authorities makes the formal commencement of the other proceeding the test. What matters is the purpose and foreseeable use of the discovery. Whether or not Big Sky Canada ever commences the arbitration, ROK describes it as forthcoming, says it will raise the same issues ROK has already litigated, and has brought its arbitration counsel into the conferral on this production despite stating it has all the documents it needs for the forthcoming arbitration. The Decision considered whether those circumstances justified *quashing* the Subpoenas, which is what the Debtor asked. The Debtor does not ask the

Court to revisit that answer. It asks for the narrower protection that the same circumstances support.

### B. ZF Automotive and the Treaty Framework Make Use Limits Appropriate.

Section 1782 is the mechanism Congress created for compelling U.S. discovery in aid of foreign proceedings. In *ZF Automotive*, the Supreme Court held that "only a governmental or intergovernmental adjudicative body constitutes a 'foreign or international tribunal' under § 1782," 596 U.S. at 638, and that an ad hoc panel convened under a bilateral investment treaty to hear an investor's claim against a State does not qualify. *Id.* at 634–37. The Court explained that § 1782's "animating purpose" is comity toward foreign governmental bodies, and asked: "Why would Congress lend the resources of district courts to aid purely private bodies adjudicating purely private disputes abroad?" *Id.* at 632. Big Sky Canada is an Alberta corporation, ECF No. 32 at 3, and the arbitration ROK describes would be an investor-state arbitration under an investment treaty, the kind of proceeding *ZF Automotive* addressed. ROK would have no statutory right to U.S. court discovery for it.

Under the arbitral rules commonly used in investment-treaty arbitration, document production is for the tribunal. *See, e.g.*, 1976 UNCITRAL Arbitration Rules art. 24(3) ("At any time during the arbitral proceedings the arbitral tribunal may require the parties to produce documents, exhibits or other evidence within such a period of time as the tribunal shall determine."). Even where § 1782 applies, a court may decline assistance that would "circumvent foreign proof-gathering restrictions or other policies." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 265 (2004). Where Congress has withheld § 1782 for this kind of proceeding entirely, a Rule 2004 production should not supply the same evidence by default.

The District of Arizona applied the circumvention factor to these parties in 2020, finding that it "cuts strongly against" ROK's attempt to use U.S. process to obtain documents beyond what the investment tribunal had required. ECF No. 60-3, slip op. at

11–12. The Ninth Circuit's policy favoring access to discovery by collateral litigants, *Foltz*, 331 F.3d at 1131–33, does not point the other way. *Foltz* leaves to the collateral forum the question whether the material is discoverable there. *Id.* The proposed order does exactly that: ROK may ask any arbitral tribunal for any document under that tribunal's rules, or ask this Court for leave to use particular documents on a showing of need.

**C. The Bar on Arbitration Participants Addresses a Concrete Risk.**

Where counsel who would review sensitive material are also involved in the decisions the material could inform, the risk of inadvertent use justifies limiting their access. *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1470–71 (9th Cir. 1992); *U.S. Steel Corp. v. United States*, 730 F.2d 1465, 1468 & n.3 (Fed. Cir. 1984); *see also In re Deutsche Bank Tr. Co. Ams.*, 605 F.3d 1373, 1378–81 (Fed. Cir. 2010) (prosecution bars). That inquiry turns on facts, not on assumptions about counsel's good faith. *U.S. Steel*, 730 F.2d at 1468.

The facts here are specific. ROK's counsel from the ICSID arbitration appeared for ROK at the meeting of creditors in this case and at the hearing on the motion to quash. ECF No. 57 at 45, 47; ECF No. 101 at 2. And when the Debtor proposed that ROK's arbitration counsel not see the production, ROK's bankruptcy counsel brought that same counsel into the exchange and wrote that the conference would need to be set at a time convenient to her. Ex. 3. Asked directly whether she represents ROK in Big Sky Canada's dispute with ROK and whether ROK intends that she review the production, ROK's counsel refused to answer. Wirthlin Decl. ¶ 6. The same lawyers are taking part in both the discovery here and ROK's preparation for the arbitration. Lawyers who will defend the arbitration cannot unlearn what they read here. The proposed order therefore keeps produced documents from those working on ROK's side of the arbitration, while giving ROK's counsel of record in this case who are not working on the arbitration, and the Trustee, full access to everything produced.

**D. Good Cause Supports the Limited Redactions.**

The Debtor proposes to redact only information related to Big Sky Canada's treaty claims against ROK and routine personal identifiers, in fewer than twelve documents. Wirthlin Decl. ¶ 3. Each category of treaty-claim information would cause specific harm in ROK's hands. The economic terms of funding and fee arrangements would show the respondent State how the claims are financed and how any recovery would be divided, giving it leverage on security for costs and settlement outside the control of any tribunal. Assessments of the merits, strategy, quantum and settlement position of the claims are the claimant's case analysis, which no adversary is entitled to see. And the identities of funders, advisers, experts and other participants not already named in the Subpoenas would expose them to pressure from the State they are adverse to. None of this information bears on locating estate assets or on the Transfers. Several of the documents are also agreements with non-parties that require their existence and terms to be kept confidential. *Id.* ¶ 4. Personal identifiers are routinely protected. *See* Fed. R. Bankr. P. 9037. Information of this kind is the "confidential . . . commercial information" that Rules 26(c)(1)(G) and 45(d)(3)(B)(i) protect. To avoid placing the substance of these documents on the public record, the Debtor describes them here only by category. It will lodge unredacted copies for in camera review, or submit a more detailed description under seal under Rule 9018 and LR 9018, as the Court prefers.

The redactions are narrowly tailored. Every responsive document will be produced, and each redaction will leave the document's nature and date visible. Ex. 1 ¶ 7(b). The Debtor will serve a redaction log identifying each redaction by Bates number, location and category, and will preserve unredacted copies. *Id.* ¶ 7(c)–(d). The Trustee will receive the redacted copies, to be held for estate purposes only, which keeps the redacted information in a single controlled set while leaving the Trustee's statutory rights intact. *Id.* ¶¶ 7(e), 12. Neither ROK, its counsel nor anyone working on the arbitration will see any treaty-claim information unless the Court orders otherwise. Ex. 1 ¶ 7(a). ROK may challenge any redaction and the Court able to review the unredacted document in camera. *Id.* ¶ 7(f).

The terms must be set before production. The Privilege Waiver runs to ROK, ECF No. 104 at 6, and the Ninth Circuit does not recognize selective waiver. *In re Pac. Pictures Corp.*, 679 F.3d 1121, 1127–28 (9th Cir. 2012). Material produced without use limits will be available to ROK for any purpose, and no later order can restore the status quo. "Secrecy is a one-way street: Once information is published, it cannot be made secret again." *In re Copley Press, Inc.*, 518 F.3d 1022, 1025 (9th Cir. 2008). The proposed order also includes a Federal Rule of Evidence 502(d) provision, so that producing a document in which a non-debtor holds a privilege does not waive that non-debtor's privilege.

**E. The Proposed Terms.**

Exhibit 1 provides that:

(1) documents produced in response to the Subpoenas may be used only in this Chapter 7 case, including contested matters, adversary proceedings and appeals arising from it, and not in the Forthcoming Arbitration or any other proceeding without leave of this Court on noticed motion;

(2) no one working on ROK's side of the Forthcoming Arbitration, including its arbitration counsel Lucy Winnington-Ingram, experts and the officials directing it, may receive or review any produced document absent leave or consent, and anyone who reviews Confidential Material may not later work on the arbitration;

(3) a producing party may designate documents "Confidential," subject to challenge, with the designating party bearing the burden;

(4) a producing party may redact only information related to Big Sky Canada's treaty claims against ROK and routine personal identifiers, subject to a redaction log, preservation of unredacted copies, in camera review on the Court's request, and challenge, and treaty-claim information may not be disclosed to ROK, its counsel or anyone working on the arbitration absent a court order;

(5) Confidential Material and unredacted information will be filed under seal or redacted under Rule 9018 and LR 9018;

(6) production of a document subject to a non-debtor's privilege does not waive that privilege, under Federal Rule of Evidence 502(d), and the Trustee's Privilege Waiver as to the Debtor's own pre-petition privileges is unaffected; and

(7) the Trustee may use produced documents to administer the estate, subject to the same use limits; before sharing Confidential Material with anyone not authorized to receive it, including in a settlement or sale of estate claims or property, the Trustee gives notice so that the producing party or Big Sky Canada may seek relief.

**F. Interim Protection Pending Decision, Without Delay.**

The Debtor will make its first production on November 9, 2026. Wirthlin Decl. ¶ 7. If this Motion has not been decided by then, the Debtor asks that, pending decision, (a) it be permitted to apply the proposed redactions and serve a redaction log, preserving unredacted copies; and (b) all produced documents be held subject to paragraphs 2 and 3 of the proposed order. If the Court denies the Motion, the Debtor will produce unredacted copies within seven days after the ruling.

**G. The Relief Takes Nothing ROK Is Entitled To.**

ROK says its purpose is to investigate whether the Transfers are avoidable for the benefit of creditors, ECF No. 45 at 3; ECF No. 104 at 5, and that it already has what it needs to defend the arbitration. ECF No. 45 at 2. Taking ROK at its word, limiting the production to use in this case costs it nothing. It would be surprising if ROK had any objection to the relief requested herein, given its representations to this Court. The Trustee's access and use for estate purposes are unaffected. If ROK later needs a particular document elsewhere, it may ask.

ROK's conduct since the Order is hard to square with that position. Having told the Court it "already has the documents it would need to defend the Forthcoming Arbitration,"

ECF No. 45 at 2, ROK has brought its arbitration counsel into the conferral over whether the production may be used in that arbitration. Ex. 3. If ROK now contends that it needs the production for the arbitration, that contention is clearly inconsistent with the position it took in opposing the motion to quash, and ROK should be held to its earlier position. *See New Hampshire v. Maine*, 532 U.S. 742, 750–51 (2001); *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782–83 (9th Cir. 2001); *see also Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226–27 (9th Cir. 1988) (court may treat statements of fact in a party's brief as admissions).

## V. LOCAL RULE STATEMENTS

Pursuant to LR 9014.2(a), the Debtor consents to entry of final orders or judgment by the bankruptcy judge on this Motion. Pursuant to Civil Rule 26(c)(1) and LR 7037(a), counsel certifies that he conferred in good faith with counsel for ROK, and attempted in good faith to confer with counsel for the Trustee, in an effort to resolve the dispute without court action. Wirthlin Decl. ¶¶ 5–6. As LR 7037(b) requires, the full text of the discovery at issue, the Subpoenas' requests [ECF Nos. 24, 25], is attached as Exhibit 2, and the Debtor's response is its Motion to Quash or Modify Subpoenas and Objection to Subpoenas [ECF No. 32]. The Debtor is filing a motion under LR 9006 for an order shortening time so that this Motion can be heard before November 9, 2026.

## VI. CONCLUSION

The Debtor respectfully requests that the Court enter an order:

1. entering the protective order lodged as Exhibit 1;
2. pending decision, permitting the Debtor's November 9, 2026 production to be made and held on the interim terms in Part IV.F; and

///

///

///

///

///

3. granting such other relief as is just.

DATED: October 26, 2026.

WIRTHLIN & VERLAINE

By: */s/ Brenoch Wirthlin*
Brenoch Wirthlin, Esq.
Nevada Bar No. 10282
400 S. 4th St., Suite 300
Las Vegas, NV 89101
Attorneys for Debtor