Brenoch Wirthlin, Esq.
Nevada Bar No. 10282
WIRTHLIN & VERLAINE
400 S. 4th St., Suite 300
Las Vegas, NV 89101
Phone: (702) 529-1201
Fax: (702) 213-0294
bwirthlin@wirthlinlawfirm.com
Attorneys for Debtor

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

In re:

BIG SKY ENERGY CORPORATION,

Debtor.

Case No.: 25-50445-hlb
Chapter 7

**DEBTOR'S MOTION UNDER RULE 9006(b)(1) TO SET PRODUCTION SCHEDULE UNDER ORDER DENYING MOTION TO QUASH [ECF NO. 105]**

Hearing Date: OST Requested
Hearing Time: OST Requested

Debtor Big Sky Energy Corporation ("Debtor"), through its counsel, Wirthlin & Verlaine, moves under Rule 9006(b)(1) for an order setting the following schedule for its production under the Order Denying Motion to Quash [ECF No. 105] ("Order"):

(a) the Debtor will make its first production on or before November 9, 2026;

(b) the Debtor will make further productions on a rolling basis on or before November 23, 2026, and will complete its production by December 9, 2026;

(c) the Debtor will serve a log complying with Civil Rule 45(e)(2)(A) for any documents withheld from the first production by November 23, 2026, and will supplement it within seven days after each later production; and

(d) the Debtor will deliver each production to the Republic of Kazakhstan (“ROK”), care of Snell & Wilmer L.L.P., as the Order directs, and a copy to the Chapter 7 Trustee at the same time.

This Motion is made before the production deadline expires. It is supported by the Memorandum of Points and Authorities below, the Declaration of Brenoch Wirthlin (“Wirthlin Decl.”), the papers on file, and any argument the Court permits. It does not change the scope of the Subpoenas or the terms on which documents are produced, which are the subject of the Debtor’s Motion for Protective Order, filed concurrently.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. BACKGROUND

The Order directs the Debtor and Mr. Lawler to “produce all responsive documents in their possession, custody, and control” within 30 days after its October 9, 2026 entry, ECF No. 105, and the Memorandum Decision directs them to respond “in an organized manner.” ECF No. 104 at 10. The thirtieth day is Sunday, November 8, so production is due Monday, November 9, 2026. Fed. R. Bankr. P. 9006(a)(1)(C).

The Subpoenas contain 57 document requests, many reaching back to September 30, 2015. ECF Nos. 24, 25. Since entry of the Order, the Debtor has been collecting and reviewing documents from its own records, from Mr. Lawler as its officer, and from counsel and others who hold documents for it. Wirthlin Decl. ¶ 2. The remaining work includes extracting and reviewing email, reviewing documents for privileges held by persons other than the Debtor, and preparing the limited redactions and logs described in the Debtor’s other motions. *Id.* ¶ 3.

On October 20, 2026, Debtor’s counsel proposed a rolling production schedule to counsel for ROK and for the Trustee and offered to submit it by stipulation. *Id.* ¶ 4. Debtor’s counsel conferred by telephone with ROK’s counsel on October 23, 2026, and no agreement was reached. Counsel for the Trustee did not respond. *Id.*

## II. LEGAL STANDARD

When an act is required to be done within a period fixed by court order, the Court may extend the period for cause if the request is made before the period expires. Fed. R. Bankr. P. 9006(b)(1). Although LR 7026(c) governs discovery plans in adversary proceedings rather than Rule 2004 productions, the Debtor provides the information it calls for: the discovery completed to date, the discovery remaining, the reasons it cannot be completed within the original period, and a proposed schedule. Wirthlin Decl. ¶¶ 2–5.

## III. ARGUMENT

Cause exists. The Debtor is not asking to delay its production. It will produce on November 9, 2026, starting with the documents concerning ROK's stated purpose. ECF No. 104 at 5; Wirthlin Decl. ¶ 5. The remaining material requires email extraction and review, review for non-debtor privileges, and preparation of redactions and logs, which cannot reasonably be completed in the time remaining. *Id.* ¶ 3. A rolling production with a fixed completion date of December 9, 2026, thirty days after the original deadline, is the "organized manner" of response the Court directed. ECF No. 104 at 10.

No one is prejudiced. The Trustee will receive every production when ROK does. No hearing or other deadline in this case depends on completion of the production. And the schedule includes a firm date for the privilege log, so that any dispute about withheld documents can be raised promptly.

## IV. LOCAL RULE STATEMENTS

Pursuant to LR 9014.2(a), the Debtor consents to entry of final orders by the bankruptcy judge on this Motion. Counsel conferred with counsel for ROK, and attempted to confer with counsel for the Trustee, before filing. Wirthlin Decl. ¶ 4. The Debtor is filing a motion under LR 9006 for an order shortening time so that this Motion can be heard before November 9, 2026.

## V. CONCLUSION

The Debtor respectfully requests that the Court enter an order setting the production

///

schedule described above and granting such other relief as is just.

DATED: October 26, 2026.

WIRTHLIN & VERLAINE

*By: /s/ Brenoch Wirthlin*
Brenoch Wirthlin, Esq.
Nevada Bar No. 10282
400 S. 4th St., Suite 300
Las Vegas, NV 89101
Attorneys for Debtor