**E-filed: November 6, 2026**

Bob L. Olson, Esq. (Nevada Bar No. 3783)
Erin M. Gettel, Esq. (Nevada Bar No. 13877)
SNELL & WILMER L.L.P.
1700 South Pavilion Center Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 784-5200
Facsimile: (702) 784-5252
Email: bolson@swlaw.com
egettel@swlaw.com

*Attorneys for Republic of Kazakhstan*

SNELL & WILMER

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>BIG SKY ENERGY CORPORATION,<br><br>Debtor. | Case No. 25-50445-hlb<br><br>Chapter 7<br><br>**OPPOSITION TO DEBTOR'S MOTION UNDER RULE 9006(B)(1) TO SET PRODUCTION SCHEDULE UNDER ORDER DENYING MOTION TO QUASH [ECF NO. 105]**<br><br>[ECF No. 115]<br><br>**Hearing Date: November 13, 2026**<br>**Hearing Time: 10:00 a.m.** |

Creditor Republic of Kazakhstan ("Kazakhstan" or "ROK") by and through its attorneys, Snell & Wilmer L.L.P., opposes *Debtor's Motion Under Rule 9006(b)(1) to Set Production Schedule Under Order Denying Motion to Quash [ECF No. 105]* [ECF No. 115].

Under normal circumstances, Undersigned Counsel would likely agree to some deviation of the production schedule. But this is not a normal case. Debtor has delayed and obstructed discovery for years:

- Debtor attempted to quash Kazakhstan's post-judgment subpoena before the United States District Court for the District of Nevada ("Nevada District Court") but was

SNELL & WILMER

denied on procedural grounds more than two years ago. *See* **Exhibit A (Nevada District Court Order)**; [1]

- Debtor attempted to quash Kazakhstan's post-judgment subpoena before the United States District Court for the District of Arizona ("Arizona District Court") but was denied on the merits on January 24, 2025 – almost two years ago. *See* **Exhibit B (Arizona District Court Order)**[2] Debtor's extended deadline to comply with the subpoena was May 16, 2025;
- On May 15, 2025—one day before Debtor's extended deadline to comply with the Arizona District Court Order—Debtor filed the petition in this case in an obvious attempt to avoid complying with the Order. *See* ECF No. 1-1;
- After it filed the Motion to Quash, but before the Court entered the Interlocutory Order, Debtor sought dismissal of the case it filed in a bad-faith attempt to strip this Court of jurisdiction over the matter *after filing this action to strip the Arizona District Court of jurisdiction*. *See* ECF Nos. 70, 90;
- On October 9, 2026, this Court entered its *Memorandum Decision* [ECF No. 104] and a related Order Denying Motion to Quash [ECF No. 105] (collectively "Interlocutory Order") denying Debtor's Motion to Quash; and
- Rather than comply and produce the documents it has been withholding for years, Debtor filed the Notice of Appeal, the Motion for Leave, the Motion to Stay, the Motion for Protective Order, and the instant 9006 Motion. ECF Nos. 111, 113, 114, and 115.

Debtor has delayed and obstructed discovery for long enough. This needs to end. As this Court ordered, Debtor and Lawler must "produce all responsive documents in their possession, custody, and control," in an organized manner, by November 9, 2026. ECF No. 105 at 10.

[1] Exhibit A was presented and authenticated in Kazakhstan's *Opposition to Objection to Subpoenas and Motion to Quash or Modify Subpoenas and for Protective Order (ECF No. 32)* [ECF No. 45] (the "Opposition to Motion to Quash").

[2] Exhibit B was presented and authenticated as Exhibit B in the Opposition to Motion to Quash.

The good cause analysis turns on whether the subject deadline cannot reasonably be met despite the exercise of diligence. *Williams v. James River Grp., Inc.*, 627 F.Supp.3d 1172 (D. Nev. Sept. 13, 2022). The Motion and declaration are entirely conclusory and do not establish that Debtor cannot reasonably comply with the court-ordered deadline despite the exercise of diligence. Debtor does not describe in any detail the work that has been performed or why the discovery remaining cannot be completed within the original period. For example, Debtor does not identify what documents it collected and when, the volume of potentially responsive documents, and how many of the potentially responsive documents it has reviewed to date and expects to review by the original deadline and the rate of review. Instead, Debtor vaguely asserts that "[s]ince entry of the Order, the Debtor has been collecting and reviewing documents responsive to the Subpoenas from its own records, from Mr. Lawler as its officer, and from counsel and others who hold documents for it;" that the remaining work includes "extracting and reviewing email, reviewing documents for privileges held by persons other than the Debtor" and preparing redactions and logs; and that this work "cannot reasonably be completed by November 9, 2026." ECF No. 115-1. Debtor's vague assertions do not establish good cause or even provide the Court with the information needed to meaningfully assess its request.

Notably, Debtor should have already gathered and organized many of the responsive documents in preparation to comply with the Arizona District Court Order as it filed this Action the day before the extended deadline to comply. Debtor does not explain what became of those efforts. Debtor also argues that it needs additional time to prepare privilege and redaction logs. But this Court already ordered that "a privilege review is unnecessary" due to the Trustee's Privilege Waiver [ECF No. 104 at 9:3-4], and Debtor lacks standing to assert privilege on behalf of third parties. Even if Debtor were legitimately preparing a privilege log, Debtor does not provide any information about the volume of supposedly privileged documents it has or expects to collect or any estimated time for logging any such documents.

///

///





SNELL & WILMER

Debtor's request is entirely unsupported and simply the latest in a long line of delay tactics. Kazakhstan requests this Court to deny the Motion.

Dated: November 6, 2026.

SNELL & WILMER L.L.P.

*/s/ Bob L. Olson*

Bob L. Olson, Esq. (NV Bar No. 3783)
Erin M. Gettel (NV Bar No. 13877)
1700 South Pavilion Center Drive, Suite 700
Las Vegas, Nevada 89135
Email: bolson@swlaw.com
egettel@swlaw.com

*Attorneys for Republic of Kazakhstan*

SNELL & WILMER

# EXHIBIT A

EXHIBIT A

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

REPUBLIC OF KAZAKHSTAN,
Plaintiff(s),
v.
BIG SKY ENERGY CORPORATION,
Defendant(s).

Case No. 2:22-cv-00509-JCM-NJK

**Order**

[Docket No. 22]

Pending before the Court is a motion to quash subpoenas filed by Big Sky and Scott Lawler. Docket No. 22.[1] Plaintiff filed a response in opposition. Docket No. 29. Big Sky and Lawler filed a reply. Docket No. 30. After the motion was filed, the case was reassigned to the undersigned magistrate judge. *See* Docket Nos. 25-26. The motion is properly decided without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the motion to quash is **DENIED** without prejudice to its refiling in the appropriate forum.

A motion to quash a subpoena must be filed in "the court for the district where compliance is required." Fed. R. Civ. P. 45(d)(3)(A), (B). The movant bears the burden of persuasion on a motion to quash, *ATS Prods., Inc. v. Champion Fiberglass, Inc.*, 309 F.R.D. 527, 531 (N.D. Cal. 2015), including of showing that the motion was filed in the correct district, *York Holding, Ltd. v. Waid*, 354 F.R.D. 626, 627 (D. Nev. 2024). Subpoena-related motions that have been filed in the wrong district are routinely denied without prejudice to refiling in the proper tribunal. *See, e.g.*, *Europlay Cap. Advisors, LLC v. Does*, 323 F.R.D. 628, 629-30 (C.D. Cal. 2018).[2]

---

[1] On its face, the motion was filed by Big Sky only. Docket No. 22 at 1. The reply specifies that the motion was intended to also have been filed by Lawler. *See* Docket No. 30 at 1 n.1.

[2] The rules provide the potential for transferring a subpoena-related motion from the court where compliance is required to the issuing court. *See* Fed. R. Civ. P. 45(f). The authority to make that decision rests with the court where compliance is required. *See id.* "As such, this provision does not allow a movant to bypass, in the first instance, the court for the district where compliance is required." *York Holding*, 345 F.R.D. at 627 n.2 (citing *Omnitracs, LLC v. Platform Sci., Inc.*, 2023 WL 2815363, at *1 (S.D. Cal. Apr. 6, 2023)).

Plaintiff argues that the pending motion was filed in the wrong district, pointing to the fact that the depositions will take place in Arizona and the deponents are located in Arizona. Docket No. 29 at 7-8.[3] Big Sky and Lawler respond that the face of the subpoena identifies the place for the pre-deposition document production as being in Nevada, although the face of the subpoena identifies the place for the depositions themselves as being in Arizona, and that Big Sky and Lawler still maintain some connection to Nevada. *See* Docket No. 30 at 7-8.

The Court agrees with Plaintiff that Lawler and Big Sky have not shown that Nevada is the place of compliance. Lawler does not dispute that he resides in Arizona. *See* Docket No. 30-1 at ¶ 5. Based on Lawler's own representation, Big Sky does no business at all and is a defunct entity with nothing happening other than Lawler (an Arizona resident) acting as its sole officer and attorney. Docket No. 22-3 at ¶¶ 2-16.[4] Despite these arrows pointing to Arizona for purposes of this motion, Lawler declares in reply that he has a "presence" in Nevada "as needed." *See* Docket No. 30-1 at ¶¶ 5-6. Big Sky and Lawler provide no elaboration of any kind that having a presence in this District "as needed" means that they also "reside[], [are] employed, or *regularly* transact[] business in person" in this District for purposes of the governing rules. *See* Fed. R. Civ. P. 45(c)(1) (emphasis added). By failing to provide meaningfully developed argument on this issue, Big Sky and Lawler have failed to meet their burden of persuasion in showing that they filed their motion in accordance with the governing rules. *Cf. Kor Media*, 294 F.R.D. at 582 n.3.

---

[3] The parties have a history of litigating discovery disputes in federal court in Arizona, including as to documents that Big Sky and Lawler claim overlap with the instant subpoenas. *See, e.g.*, Docket No. 22 at 2.

[4] The reply insinuates that Big Sky should be deemed as residing in Nevada because it was a Nevada entity when it did business a decade ago. *See* Docket No. 30 at 7-8. The governing rules are written based on where the subpoena recipient "resides, is employed, or regularly transacts business in person" in the present tense. *See, e.g.*, Fed. R. Civ. P. 45(c)(1)(A). The reply provides no legal authority or meaningfully developed argument that this inquiry turns on where a defunct entity allegedly did business years ago and such an outcome seems farfetched when, according to its own representations, that business now has and does nothing apart from its sole officer who currently resides in a different state. Ultimately, the Court need not formally resolve the issue because it is the burden of Big Sky and Lawler to show that their motion was properly filed in this District, *York Holding*, 354 F.R.D. at 627, and they waived this argument by failing to develop it in meaningful fashion, *cf. Kor Media Grp., LLC v. Green*, 294 F.R.D. 579, 582 n.3 (D. Nev. 2013).

In short, Big Sky and Lawler fail to meet their burden of showing that they filed their motion in the "district where compliance is required." Accordingly, the motion to quash is **DENIED** without prejudice to its refiling in the appropriate forum.

IT IS SO ORDERED.

Dated: August 23, 2024

Nancy J. Koppe
United States Magistrate Judge

# EXHIBIT B

EXHIBIT B

**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Republic of Kazakhstan,

Plaintiff,

v.

Big Sky Energy Corporation,

Defendant.

No. MC-24-00029-PHX-GMS

**ORDER**

Before the Court is Defendant Big Sky Energy Corporation's Objection to Subpoenas and Motion to Quash or Modify Subpoenas (Doc. 1) and Plaintiff Republic of Kazakhstan's Motion for Leave to File a Surreply (Doc. 7). For the reasons below, the Court denies both Motions.

**BACKGROUND**

On July 8, 2022, the District of Nevada entered a default judgment for Plaintiff Republic of Kazakhstan ("Kazakhstan") and against Defendant Big Sky Energy Corporation ("Big Sky") in the amount of $587,030.43, plus applicable interest. *Republic of Kazakhstan v. Big Sky Energy Corp.*, No. 2:22-cv-00509, 2022 WL 19000617, *1 (D. Nev. July 8, 2022). Kazakhstan brought the action to recognize and enforce an International Centre for Settlement of Investment Disputes (ICSID) arbitral award it received against Big Sky in 2021 from a proceeding that Big Sky had initiated in 2017. *Id.*; *See also* Case Details, *Big Sky Energy Corp. v. Republic of Kazakhstan* (ICSID Case No. ARB/17/22), https://icsid.worldbank.org/cases/case-database/case-

detail?CaseNo=ARB/17/22. On January 3, 2024, Kazakhstan served two subpoenas. (Doc. 5 at 5). The first was served on Big Sky, in care of William Scott Lawler, the sole officer and attorney for Big Sky. (Doc. 1-1 at 2). The second was served on Lawler. (Doc. 1-1 at 21) (hereafter collectively "Big Sky"). Both involve a subpoena ad testificandum and a subpoena duces tecum. The parties agreed that Big Sky had until July 8, 2024 to respond to the subpoenas. (Doc. 5 at 6; Doc. 6 at 4).

On July 8, 2024, Big Sky filed its Original Motion to Quash ("Original Motion"). (*Republic of Kazakhstan v. Big Sky Energy Corp.*, in the District of Nevada, No. 2:22-cv-00509-JCM-NJK, Doc. 22). On August 23, 2024, the District of Nevada denied the Original Motion without prejudice to its refiling in the appropriate forum—Arizona. (No. 2:22-cv-00509-JCM-NJK, Doc. 32). The court explained that "a motion to quash a subpoena must be filed in 'the court for the district where compliance is required,'" and "Big Sky is a defunct entity with nothing happening other than Lawler (an Arizona resident) acting as its sole officer and attorney." (*Id.* at 2) (quoting Fed. R. Civ. P. 45(d)(3)(B)).

On September 6, 2024, Big Sky filed its Objection to Subpoenas and Motion to Quash or Modify Subpoenas (Doc. 1) in this Court.[1] Specifically, Big Sky requests the Court quash or modify the subpoenas served on Big Sky and Mr. Lawler, its officer and counsel. (Doc. 1 at 1).

## DISCUSSION

### I. Defendant Big Sky's Motion to Quash or Modify Subpoenas

#### a. Legal Standard

A money judgment creditor whose interest appears of record may, in aid of the judgment or execution, "obtain discovery from any person—including the judgment debtor—as provided in [the Federal Rules of Civil Procedure] or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2). Rule 69 authorizes the use of

[1] Kazakhstan initially disputed this date of filing in its Response, (Doc. 5 at 6), but clarified that Big Sky did, indeed, serve the Motion on Kazakhstan's counsel on September 6. (Doc. 7 at 2).

all discovery tools, including subpoenas, to obtain discovery. *See* Fed. R. Civ. P. 69, 1970 Advisory Committee's Note. However, where a subpoena is issued, Federal Rule of Civil Procedure 45(d)(3) states that, upon a timely motion, a court must quash or modify a subpoena if it "requires disclosure of privileged or other protected matter" or "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iii)-(iv).

Courts evaluate a motion to quash under Rule 26. *See Hamilton v. Yavapai Cmty College Dist.*, No. CV-12-08193, 2021 WL 1264007, at *1 ("Motions to quash are evaluated in the context of Rule 26."). Rule 26 states that "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1); *see also R. Prasad Indus. v. Flat Irons Env't Sols. Corp.*, No. CV-12-08261, 2014 WL 2804376, at *2 (D. Ariz. June 20, 2014) ("[Rule] 26 . . . defines the permissible scope of discovery, and a Rule 45 subpoena is subject to that same scope."). "The moving party bears the burden of persuasion on a motion to quash, but the party issuing the subpoena must demonstrate that the discovery is relevant." *In re Rule 45 Subpoenas Issued to Google LLC and LinkedIn Corp.*, 337 F.R.D. 639, 645 (N.D. Cal. 2020); *see also Pravati Cap. LLC v. Moore*, No. CV-24-02119, 2024 WL 4299400, at *1 (D. Ariz. 2024) (holding the moving party bears the burden of persuasion and the party issuing the subpoena must demonstrate the information sought is relevant).

**b. Timeliness of Motion**

Kazakhstan asserts that Big Sky's Motion is untimely as to the deposition portions of the Subpoenas and the Lawler Subpoena in its entirety. (Doc. 5 at 8). Rule 45 permits a person commanded to produce "documents or tangible things" to object before the earlier of 14 days after the subpoena is served or the time specified for compliance. Fed. R. Civ. P. 45(d)(2)(B). Rule 45 requires that any motion to quash or modify a subpoena, including

Case 2:24-mc-00029-DMF Document 5 Filed 11/26/24 Page 4 of 7

a subpoena to testify, do so in a "timely motion." *Id.* at 45(d)(3)(A). Courts have generally read "timely" to mean "before the compliance date designated in the subpoena." *Odyssey Reinsurance Co. v. Nagby*, No. 16-CV-3038, 2018 WL 1963665, at *2 (S.D. Cal. April 26, 2018); *see also HI.Q, Inc. v. ZeetoGroup, LLC*, No. 22-cv-1440, 2022 WL 17345784, at *6 (S.D. Cal. Nov. 29, 2022).

As to the production portions, Big Sky timely filed the Original Motion in Nevada on July 8, 2024, the time specified for compliance by the parties. Although Big Sky filed in the wrong jurisdiction, "in unusual circumstances and for good cause, the failure to act timely will not bar consideration of objections to a Rule 45 subpoena." *See HI.Q, Inc.*, 2022 WL 17345784, at *11 (cleaned up). Big Sky refiled in Arizona within 14 days of the District of Nevada order, constituting a good-faith effort at compliance. *See Baker v. Ensign*, No. 11-CV-2060, 2014 WL 3058323, at *6 (S.D. Cal. July 3, 2014) ("Courts have found unusual circumstances where . . . the subpoenaed witness is a non-party acting in good faith."). As to the deposition portions, Big Sky filed in Nevada in advance of the July 18 and July 19, 2024 deposition dates and timely filed the Motion in this Court, as directed by the Nevada court. As such, Big Sky and Lawler complied with Rule 45's timing requirements.

**c. Analysis**

**i. Privileged or Confidential Information**

Big Sky asserts the subpoenas should be quashed or modified because they seek information in violation of Big Sky's attorney-client privilege. (Doc. 1 at 7). "A person withholding subpoenaed information under a claim that it is privileged or subject to protection . . . must: (i) expressly make the claim; and (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim." Fed. R. Civ. P. 45(e)(2). General objections do not satisfy the requirements of Rule 45(e)(2). *See Compaq Comput. Corp. v. Packard Bell Elecs., Inc.*, 163 F.R.D. 329, 338 (N.D. Cal. 1995); *see also Relevant Grp., LLC v. Nourmand*, No. CV-19-5019, 2021

WL 9696765, at *4 (C.D. Cal. 2021) ("Cases in this Circuit and beyond consistently hold that a subpoenaed non-party must provide a privilege log when withholding responsive documents based on privilege.").

Here, Big Sky neither served a privilege log nor described the nature of the withheld documents, in violation of the Rule 45(e)(2) requirements. *See* Fed. R. Civ. P. 45(e)(2). Big Sky and Lawler are ordered to serve a privilege log that lists all documents withheld on the ground of privilege against disclosure and provides information as to each document in compliance with Rule 45(e)(2). *See Miller v. Pancucci*, 141 F.R.D. 292, 302 (C.D. Cal. 1992) (finding ten items sufficient to sustain the burden of asserting the attorney-client privilege).

**ii. Unduly Burdensome and Facially Overbroad**

Big Sky asserts Kazakhstan's subpoenas are unduly burdensome and overly broad because the requests are not relevant to Big Sky's ability to pay and set forth too broad a time period. (Doc. 1 at 8-9). "[T]he rules governing discovery in post judgment execution proceedings are quite permissive." *Invesco High Yield Fund v. Jecklin*, 10 F.4th 900, 905 (9th Cir. 2021) (quoting *Republic of Argentina v. NML Cap., Ltd.*, 573 U.S. 134, 138 (2014)). However, a court must quash or modify a subpoena that "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A). "In determining whether a subpoena poses an undue burden, courts weigh the burden to the subpoenaed party against the value of the information to the serving party." *Soto v. Castlerock Farming and Transp., Inc.*, 282 F.R.D. 492, 504 (E.D. Cal. 2012). "Generally, this requires consideration of relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed." *Id.* "[T]he party issuing the subpoena must demonstrate that the discovery is relevant." *In re Rule 45 Subpoenas Issued to Google LLC and LinkedIn Corp.*, 337 F.R.D. at 645. However, the party claiming that discovery is unduly burdensome "must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence." *Nationstar Mortg., LLC v. Flamingo Trails No. 7 Landscape*

*Maint. Ass'n*, 316 F.R.D. 327, 334 (D. Nev. 2016) (internal quotation omitted).

As to relevance, Big Sky argues the requested documents are not relevant because they "fall outside" documents related to Big Sky's ability to pay a judgment. (Doc. 1 at 9). Although information pertaining to Big Sky's ability to pay is relevant, so is information about where Big Sky's assets may be located. *See Experience Hendrix, LLC v. Pitsicalis*, No. CV-21-3362, 2023 WL 4247749, at *4 (C.D. Cal. April 18, 2023) ("The question before the Court is not whether Judgment Creditors may reach the assets of these various entities to satisfy their judgment against Pitsicalis. Rather, Judgment Creditors need only show that discovery regarding these entities is relevant to their search for Pitsicalis' assets."). Kazakhstan asserts its subpoenas seek information regarding entities that are relevant to identifying assets potentially available for application to and satisfaction of the Judgment or to whom money may have been fraudulently transferred to avoid payment of the Judgment. (Doc. 5 at 15-16). Big Sky failed to allege specific facts indicating any burden that complying with the subpoena might cause it. Thus, Kazakhstan has met its burden to show the subpoenas seek relevant information, and the subpoenaed documents are not overly broad.

As to the time period, Big Sky asserts the time period applicable to all document requests in the subpoenas—from September 30, 2015 through the present—is unduly burdensome. (Doc. 1 at 8). However, Big Sky fails to allege any specific facts to demonstrate the "nature and extent of the burden." *Nationstar Mortg., LLC*, 316 F.R.D. at 334 (holding the party claiming the discovery is unduly burdensome bears the burden to allege specific facts which indicate the extent of the burden). As such, the time period provided in the subpoenas is permissible.

### II. Plaintiff Kazakhstan's Motion for Leave to File a Surreply

Kazakhstan's Motion for Leave to File a Surreply is denied because no further briefing is required. *See Young v. Buttigieg*, No. 23-15219, 2024 WL 4553784, at *1 (9th Cir. 2024) (holding the magistrate judge did not abuse his discretion in denying a motion for leave to file a surreply because the magistrate judge determine no further briefing was

required).

Accordingly,

**IT IS ORDERED** denying Defendant's Objection to subpoenas and Motion to Quash or Modify Subpoenas (Doc. 1).

**IT IS FURTHER ORDERED** Defendant serve a privilege log that lists all documents withheld on the ground of privilege against disclosure and provides information as to each document in compliance with Rule 45(e)(2) and this Order by **February 24, 2025** and file a Notice of Service.

**IT IS FURTHER ORDERED** denying Plaintiff's Motion for Leave to File a Surreply (Doc. 7).

Dated this 24th day of January, 2025.

G. Murray Snow
Senior United States District Judge